SHARP, Judge.
Kasser’s petition for writ of prohibition seeks recusal of a trial judge. Although not all of Kasser’s allegations are sufficient, some are, and accordingly we grant the writ. In such cases we must accept the allegations set forth in petitioner’s motion as true.[1]
According to Kasser’s allegations, the trial judge stated at a preliminary hearing that he knew how he was going to rule in the case. He also indicated by additional statements that he had made a factual determination in advance of the fact-finding hearing. He said he would have granted summary judgment for the plaintiff, but was unable to do so because the defendant (petitioner) “threw in some trash which makes it seem that there is some dispute on facts.”
These allegations are sufficient to create a well-founded fear in the mind of petitioner (defendant below) that he will not receive a trial by an impartial tribunal. Fischer v. Knuck, 497 So.2d 240 (Fla.1986); Deren v. Williams, 521 So.2d 150 (Fla. 5th DCA), rev. denied, 531 So.2d 169 (Fla. 1988); State v. Steele, 348 So.2d 398 (Fla. 3d DCA 1977).
Petition for Writ of Prohibition GRANTED.
DAUKSCH and GOSHORN, JJ., concur.

. Deren v. Williams, 521 So.2d 150 (Fla. 5th DCA), rev. denied, 531 So.2d 169 (Fla.1988).