567 So.2d 892 (1990)
STATE of Florida, Petitioner,
v.
Joseph SAVINO, Respondent.
No. 75049.
Supreme Court of Florida.
October 4, 1990.
*893 Robert A. Butterworth, Atty. Gen., and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for respondent.
McDONALD, Justice.
We review Savino v. State, 555 So.2d 1237, 1240 (Fla. 4th DCA 1989), in which the district court certified the following questions as being of great public importance:
May a defendant show that someone other than himself committed the crime for which he is charged by introducing evidence that another person with an opportunity to commit the crime charged, committed a similar crime by similar methods. If the answer to this question is in the affirmative, may the trial court apply a less strict standard of similarity to the admission of such evidence?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. In Rivera v. State, 561 So.2d 536 (Fla. 1990), we answered the first part of this question in the affirmative, holding that a defendant may introduce similar fact evidence of other crimes or "reverse Williams rule evidence" for exculpatory purposes if relevant. See § 90.404(2)(a), Fla. Stat. (1989).[1] Although we did not explicitly discuss the second part of the certified question in Rivera, we stated: "However, the admissibility of this evidence must be gauged by the same principle of relevancy as any other evidence offered by the defendant." 561 So.2d at 539. We then found that the trial judge did not abuse his discretion in disallowing proffered *894 evidence of another crime because of insufficient similarities.
The state charged Savino with the first-degree murder of his six-year-old stepson. The medical examiner testified that the boy died of injuries inflicted by blunt trauma to the stomach. In his defense, Savino advanced the theory that his wife, and not himself, killed the boy. To this end Savino sought to introduce evidence tending to establish that his wife, the boy's natural mother, killed her one-month-old daughter with a blunt instrument seven years previously. The trial court refused to allow Savino to present this evidence,[2] and the jury convicted him of third-degree murder.
The test for admissibility of similar-fact evidence is relevancy. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). When the purported relevancy of past crimes is to identify the perpetrator of the crime being tried, we have required a close similarity of facts, a unique or "fingerprint" type of information, for the evidence to be relevant. Drake v. State, 400 So.2d 1217 (Fla. 1981); State v. Maisto, 427 So.2d 1120 (Fla. 3d DCA 1983); Sias v. State, 416 So.2d 1213 (Fla.3d DCA), review denied, 424 So.2d 763 (Fla. 1982). If a defendant's purpose is to shift suspicion from himself to another person, evidence of past criminal conduct of that other person should be of such nature that it would be admissible if that person were on trial for the present offense. Evidence of bad character or propensity to commit a crime by another would not be admitted; such evidence should benefit a criminal defendant no more than it should benefit the state. Relevance and weighing the probative value of the evidence against the possible prejudicial effect are the determinative factors governing the admissibility of similar-fact evidence of other crimes when offered by the state. These same factors should apply when the defendant offers such evidence.
The district court suggests that the similarity of conduct should be less when a defendant seeks to introduce Williams rule evidence because there is a lessened chance of prejudice. Section 90.402, Florida Statutes (1987), provides that all relevant evidence is admissible except as provided by law. Section 90.403, Florida Statutes (1987), however, provides that relevant evidence is inadmissible when outweighed by prejudice, confusion of issues, misleading the jury, or presenting of cumulative evidence. One does not reach prejudice until relevancy is established; to be relevant similar-fact evidence of other crimes must be of such nature that it would tend to prove a material fact in issue. Thus, we disagree that the degree of similarity for such crimes to be relevant should be modified when identity is sought to be proved, even though it is less likely that prejudice would occur when evidence of other crimes is sought to be introduced by a defendant. Only after the relevance requirement is satisfied is prejudice or confusion determined.
In this case the trial judge found that the wife's alleged abuse of a one-month-old child, in a different state, in a different marriage, and in a different manner was not sufficiently similar to be admissible in Savino's trial for the death of her six-year-old child. We see no abuse of discretion in this ruling.
Accordingly, we quash the opinion of the district court of appeal on this issue. We do not disturb the balance of the opinion under review.
It is so ordered.
SHAW, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] § 90.404(2)(a), Fla. Stat. (1989), codifies the rule set forth in Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), and states:

Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
[2] The wife had not been tried or convicted for this incident.