582 So.2d 741 (1991)
In the Interest of K.C., a Child.
No. 90-1528.
District Court of Appeal of Florida, Fourth District.
July 10, 1991.
Rehearing Denied July 16, 1991.
Richard L. Jorandby, Public Defender and Jill Hanekamp, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
WARNER, Judge.
A juvenile appeals his adjudication of delinquency after he had been found guilty by the court of indecent assault. He complains that the trial court erred in failing to admit relevant "reverse Williams rule" evidence. We agree and reverse.
The juvenile was charged with committing an indecent assault upon a six year old girl "by causing his penis to penetrate and/or unite with the vagina" of the victim sometime during a time span between February 1 through February 16, 1990. The mother of the victim testified that she found her daughter in bed holding her "privates." She questioned her daughter and then took her to the hospital. No evidence was revealed of any immediate injury. However, there was evidence of healed hymenal tears which could have been made as little as one week earlier or as long as several months earlier.
The victim and her brother, age 7, both testified as to the assault by appellant. Their accounts were contradicted by their deposition testimony, and the victim even testified that her mother told her what to say. Neither the victim nor her brother testified as to when the assault took place. Both got confused as to whether they knew appellant's name. The brother did admit to *742 having an earlier altercation with appellant. The evidence was particularly confusing as to whether appellant penetrated the victim's vagina or whether he just touched her. Appellant testified and adamantly denied any guilt whatsoever, noting that he "told on" the victim's brother which may have caused them to lie about him.
Because of the confusing testimony from the victim as well as the testimony that the hymenal tears, the only physical evidence presented, were caused at least a week and possibly months prior, outside the time listed in the petition for delinquency, appellant sought to introduce testimony of the victim and brother that the victim had had intercourse with another boy on several earlier occasions.[1] The trial court excluded a proffer of the evidence.
Appellant asserts that under the parameters of the admissibility of "reverse Williams rule" evidence set by the Supreme Court in State v. Savino, 567 So.2d 892 (Fla. 1990), and Rivera v. State, 561 So.2d 536 (Fla. 1990), evidence of the victim's sexual intercourse with another should not have been excluded. In Rivera the supreme court held that defendants may introduce similar fact evidence which "tends in any way to establish a reasonable doubt of defendant's guilt... . However, the admissibility of this evidence must be gauged by the same principle of relevancy as any other evidence offered by the defendant." 561 So.2d at 539. In Savino the supreme court further held:
When the purported relevancy of past crimes is to identify the perpetrator of the crime being tried, we have required a close similarity of facts, a unique or "fingerprint" type of information, for the evidence to be relevant. (Citations omitted). If a defendant's purpose is to shift suspicion from himself to another person, evidence of past criminal conduct of that other person should be of such nature that it would be admissible if that person were on trial for the present offense.
567 So.2d at 894.
The evidence offered by appellant that someone else had penetrated the victim was made relevant by the testimony introduced by the state. The state offered medical evidence of penetration but on cross examination it was revealed that the hymenal tears in the victim could have occurred earlier than the time set forth in the petition for delinquency. Therefore, the fact that a six year old child had had prior sexual experiences with another boy within the time parameters of the medical evidence would have shown that another could have been guilty of the penetration of the victim.
While we recognize that the state charged penetration or union with the victim's vagina, and that "union with" could be proved by the victim's testimony and that of her brother, we cannot consider the refusal to hear the testimony as harmless error under the standard of State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). The brother stated he never saw the appellant penetrate the victim, and the victim herself testified at one point that appellant never touched her with his penis, although she later changed her testimony. The state put on the medical evidence to prove penetration, and the defense was entitled to rebut that evidence with evidence that penetration occurred in a prior sexual encounter with another outside the time listed in the charging documents. If the court were relying on the medical evidence in its determination of guilt, then we cannot say beyond a reasonable doubt that the error in refusing to consider exculpatory evidence was harmless beyond a reasonable doubt.
*743 We therefore reverse and remand for a new trial consistent with this opinion.
ANSTEAD, J., and WALDEN, JAMES H., Senior Judge, concur.
NOTES
[1] Below the state objected that such evidence was irrelevant because the defense had no right to put on the victim's lack of chastity, citing section 800.04, Florida Statutes (1989). We agree with the defense that the victim's lack of chastity was not the issue here, and the evidence of prior penetration was not being offered for that purpose. The state does not even suggest it in its brief, instead claiming that the record was incomplete on the proffer. However, we read the appellant's attorney's initial request as one for the proffer of the testimony of the victim and her brother (R 128). The court denied this. Generally, refusal of the trial court to allow a proffer prevents a determination of the propriety of the trial court's ruling and is reversible error. Thunderbird Drive-In Theatre, Inc. v. Reed, 571 So.2d 1341 (Fla. 4th DCA 1990).