601 So.2d 1320 (1992)
Thomas McGRIFF, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01272.
District Court of Appeal of Florida, Second District.
July 10, 1992.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Thomas McGriff challenges his judgment and sentence for capital sexual battery. He argues that the trial court erred in refusing to allow him to introduce evidence that other persons had engaged in sexual intercourse with the child victim. We reverse.
McGriff was alleged to have engaged in vaginal or anal intercourse with his eight-year-old *1321 stepdaughter. The child's testimony described that on a number of occasions, McGriff sexually abused her when they were home alone while her mother was at work. She testified to vaginal penetration.
A pediatrician testified for the state that the stepdaughter told him that appellant had touched both her vaginal and anal area on several occasions. She also stated that appellant's actions caused her pain or discomfort, and that often there was what she referred to as "gooky stuff" left behind. His physical examination revealed that she had a larger than normal diameter across the opening of her hymen which was also notched or scarred in two places. This indicated trauma to the area by the entrance of some foreign body. It was possible an adult male penis could have penetrated the vagina, but probably not multiple times without causing more significant damage. The injuries were old and could not have been any more recent than perhaps a couple of weeks. The pediatrician's examination of the victim was performed between several weeks and a year after the time the abuse occurred.
The defense attempted to introduce testimony that the victim engaged in sexual acts with persons other than appellant, and that such acts were the source of the abnormal physical findings. He sought to introduce such testimony because of the pediatrician's testimony concerning old and healed scarring. The trial judge apparently misinterpreted the defense's request as an attempt to put on improper evidence of the victim's lack of chastity and, thus, rejected his effort to proffer evidence concerning another source of the victim's injury. The state's attorney suggested to the judge that although he would object to the specific testimony, section 794.022(2), Florida Statutes (1989), would allow evidence which may prove that the defendant was not the source of the injury. The trial judge deemed it inapplicable to this case, and allowed the defense to proffer three witness' testimony limited to the victim's community reputation for truthfulness.
Evidence of a victim's prior sexual encounters with others is admissible in a prosecution for sexual battery on a child eleven years or younger for the purpose of attempting to show that the defendant was not the source of the victim's injury where there is testimony about the victim's abnormal genitalia. In the Interest of K.C., 582 So.2d 741 (Fla. 4th DCA 1991); Skipper v. State, 537 So.2d 1138 (Fla. 5th DCA 1989); Sadler v. State, 509 So.2d 1139 (Fla. 5th DCA 1987); Deel v. State, 481 So.2d 15 (Fla. 5th DCA 1985), review denied, 488 So.2d 831 (Fla. 1986). Generally, the refusal of the trial court to allow a proffer prevents a determination of the propriety of the trial court's ruling and is reversible error. Thunderbird Drive-In Theatre, Inc. v. Reed, 571 So.2d 1341 (Fla. 4th DCA 1990), review denied, 577 So.2d 1328 (Fla. 1991).
The state argues that this error was harmless under State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). However, we cannot say beyond a reasonable doubt that the error in refusing to consider exculpatory evidence was harmless beyond a reasonable doubt. See In the Interest of K.C., 582 So.2d at 742.
We therefore reverse and remand for a new trial consistent with this opinion.
LEHAN, C.J. and BLUE, J., concur.