ANTOON, Judge,
concurring.
I concur with the majority’s decision to affirm the defendant’s judgment and sentence for the following reasons.
The defendant, Maurice Holloman, was convicted of committing the offenses of attempted first-degree murder and burglary of a dwelling with a battery. He appeals his convictions contending that the trial court erred in excluding similar fact evidence and denying his motion for disqualification. I agree that the trial- court’s rulings must be affirmed because (1) the excluded evidence was irrelevant, and thus, inadmissible; and (2) the motion to disqualify was legally insufficient. •
The defendant first contends that the trial court erred in excluding Williams[1] rule evidence. In this regard, the defendant sought to introduce evidence that Derrick O’Dell, a male friend of the victim, had struck, choked and threatened another woman, arguing that such evidence was relevant to show that O’Dell, and not the defendant, was the assailant in the instant case.
In State v. Savino, 567 So.2d 892 (Fla. 1990), our supreme court ruled that a defendant may introduce similar fact evidence tending to establish the identity of another as the one who committed the crime. However, in order to do so, the defendant must meet the same burden of admissibility as is required of the state:
The test for admissibility of similar-fact evidence is relevancy. [Citation omitted]. When the purported relevancy of past crimes is to identify the perpetrator of the crime being tried, we have required a close similarity of facts, a unique or “fingerprint” type of information, for the evidence to be relevant. [Citations omitted]. If a defendant’s purpose is to shift suspicion from himself to another person, evidence of past criminal conduct of that other person should be of such nature that it would be admissible if that person were on trial for the present offense. Evidence of bad character or propensity to commit a crime *1336 by another would not be admitted; such evidence should benefit a criminal defendant no more than it should benefit the state.
Id. at 894. The defendant failed to meet this burden because the evidence offered concerning O’Dell was not sufficiently similar to the facts in the instant case. The victims were different as were the circumstances surrounding the incidents. O’Dell and the women he allegedly assaulted were living together and had a sexual relationship. O’Dell and the victim in this ease did not have such a relationship. O’Dell hit and choked the other woman. The victim in this ease was stabbed. Moreover, O’Dell’s prior conduct with a different victim was not so unique as to identify him as the perpetrator in the instant case. Accordingly, the trial court did not abuse its discretion in excluding this evidence. See Kimbrough v. State, 700 So.2d 634 (Fla.1997).
The defendant also contends that the trial court erred in denying his motion to disqualify the trial judge. This contention also lacks merit.
After the jury entered its verdict but prior to the imposition of sentence, the defendant moved to disqualify the trial judge. The defendant’s motion contained the following allegations:
1. The Defendant, Maurice Holloman, currently has the following two eases pending before [the trial judge].
2. On several occasions, [the trial judge] has made thinly veiled implications that the undersigned counsel is dishonest and that she is untruthful to the Court.
3. Additionally, [the trial judge’s] attitude, and demeanor toward the undersigned counsel are such that it is clear to the undersigned counsel and to several other observers (most of whom fear the consequences of executing affidavits in support of this motion) that [the trial judge] harbors a great deal of animosity toward the undersigned counsel.
4. In the instant case, [the trial judge’s] attitude toward the undersigned counsel was so obvious during the trial proceedings that the Defendant was driven to remark that it was obvious that [the trial judge] intensely dislikes the undersigned counsel. 5. The undersigned counsel believes that [the trial judge] has a personal bias or prejudice against her, thereby emasculating his impartiality in this case.
6. Canon 3(E)(1)(a), Florida Code of Judicial Conduct, requires a Judge to disqualify himself in a proceeding in which the Judge’s impartiality might reasonably be questioned, including when the Judge has demonstrated personal bias or prejudice concerning a party’s lawyer. The requirement that the Judge disqualify himself in this scenario is mandatory.
The motion was signed under oath by both the defendant and his attorney. Separate affidavits of the defendant and his attorney were attached to the motion, but the allegations contained therein were the same as those set forth in the motion.
Rule 2.160 of the Florida Rules of Judicial Administration sets forth the procedure which must be followed in addressing a motion to disqualify a trial judge. Subsection (d) provides that any party may move to disqualify a trial judge on grounds that the party “fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge;” or “because the judge is related to a party or attorney in the action, or that the judge is a material witness in the action.” The motion must specifically allege the facts the moving party relies upon as grounds for disqualification. See Fla. R. Jud. Admin. 2.160(e).
Here, the defendant’s motion was insufficient because it did not contain factual allegations supporting the assertion that the trial judge was biased against defense counsel. For example, the motion stated that the trial judge made “thinly veiled implications” without describing what the implications were. If they were truly thinly veiled, it would have been easy for the defendant to describe them. While a trial court’s prejudice against an attorney may be grounds for disqualification when such prejudice is of a degree that it adversely effects the litigant, the mere subjective fears of a litigant are not sufficient to require disqualification. Ginsberg v. Holt, 86 So.2d 650 (Fla.1956); Kowalski v. Boyles, 557 So.2d 885 (Fla. 5th DCA 1990). The motion in this case was no more than a *1337 statement expressing subjective fears, devoid of any fact. Thus, the trial court correctly denied the defendant’s motion as legally insufficient. See Fischer v. Knuck, 497 So.2d 240 (Fla.1986).
The defendant’s motion to disqualify was also not timely filed. Rule 2.160(e) requires that a party moving to disqualify a trial court must file a motion within ten days of “discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling.” It also provides that “[a]ny motion for disqualification made during a trial must be based on facts discovered during the trial and may be stated on the record and shall also be filed in writing in compliance with subdivision (c).” This court has not always strictly enforced the 10-day requirement but instead has determined that “a motion to disqualify should be denied for untimeliness only when its allowance will delay the orderly progress of the ease or it is being used as a disruptive or delaying tactic.” Deren v. Williams, 521 So.2d 150, 152 (Fla. 5th DCA 1988), rev. denied, 581 So.2d 169 (1988). Here, the defendant’s motion does not specifically state when the alleged incidents of bias occurred but implies that they took place during the defendant’s trial. The trial was concluded in August 1996, but the motion to disqualify was not filed until October 1996. The defendant’s counsel was apparently unaware of the 10-day time requirement imposed by the rule. In any event, even under the standard for timeliness in Deren, the motion to disqualify in the instant case was not timely.
The trial court disposed of the defendant’s motion to disqualify in a proper and admirable fashion. After receiving and considering the motion, the court entered its written order in accordance with rule 2.160(c), denying the motion as legally insufficient without commenting on the accusations set forth therein. This was the correct result delivered in a proper and judicious manner.
In closing, I note that the filing of a motion to disqualify is a serious matter which should not be undertaken lightly. The aspirational goal of rule 2.160 is to assure litigants that the judges presiding over their disputes are fair and free from bias. After all, disinterested judges are essential to our concept of due process. Accordingly, judges who are confronted with motions to disqualify are not permitted to question the truthfulness of the allegations which call into question their fairness. Bundy v. Rudd, 366 So.2d 440 (Fla.1978). Instead, the only question is whether the allegations of fact would place a reasonably prudent person in fear of not receiving a fair trial. MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990). However, the rule also requires that lawyers accompany motions to disqualify with certificates of good faith. This requirement contemplates that the lawyers have read the rule and understand what constitutes valid grounds for disqualification. My observation has been that too often this is not the ease. Due to the nature of these proceedings, it is critical that lawyers who file motions to disqualify do so responsibly as officers of the court.

. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).