746 So.2d 518 (1999)
Michael Jude ALLISON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-04867.
District Court of Appeal of Florida, Second District.
December 8, 1999.
Manuel A. Machin and Craig A. Huffman, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Michael Jude Allison appeals his conviction for manslaughter. Although Allison *519 raises several issues for review, only the trial court's exclusion of certain reverse Williams[1] rule evidence merits discussion.
The State originally tried Allison for the first degree murder of his former wife. The jury convicted him of second degree murder. Allison successfully appealed this conviction in Allison v. State, 661 So.2d 889 (Fla. 2d DCA 1995), and the State retried him for second degree murder. In the second trial, the jury convicted Allison of manslaughter. We now review Allison's manslaughter conviction.
Although Allison and his former wife had been divorced for three years, Allison moved back into the home with her and their three children in late 1991. On the evening of January 4, 1992, Allison, his former wife, and all three of the children were at the residence. The two younger children went to bed about 8:00 p.m., and the oldest child went to bed about 10:00 p.m. The oldest child found his mother dead in her bed the next morning. A medical examiner testified that the cause of death was strangulation.
At trial, the defense proffered testimony of the homicide investigator to show that at the time of her death, the victim had an ongoing relationship with James Larney. The investigator had talked with Larney by phone a few days after the homicide. Larney told the investigator that he and the victim met while both were undergoing hospital treatment for substance abuse. Larney admitted that he had seen the victim on the day before her death, January 3, and was scheduled to see her again on January 5. Additionally, the defense proffered the testimony of Larney's former girlfriend, who indicated that Larney had beaten and choked her several times while they lived together. She said that Larney was a violent person. He became abusive when he drank alcohol, used drugs, or if she refused to have sex with him. She testified that she filed criminal charges against him in May 1990, and Larney was convicted of battery.
After considering the proffers, the trial judge ruled that there was an "insufficient factual predicate" to admit the evidence because the investigator's testimony was hearsay, the former girlfriend's proffer that Larney choked her was too remote, and there was no connection between the proffered testimony and the instant case. Consequently, the trial court ruled the proffered testimony was inadmissable.
The Florida Supreme Court has established the test for admissibility of reverse Williams rule evidence. "If a defendant's purpose is to shift suspicion from himself to another person, evidence of past criminal conduct of that other person should be of such nature that it would be admissible if that person were on trial for the present offense." State v. Savino, 567 So.2d 892, 894 (Fla.1990). Accordingly, the trial judge had to determine whether the State could have used this same testimony if Larney himself were on trial for the murder.
A trial court should admit Williams rule evidence only when there is a close similarity of facts, a unique situation, or "fingerprint" type of information. See id. at 894. Allison argues that the testimony of Larney's former girlfriend would have been important had the State charged Larney with this murder. Allison reasons that the testimony that Larney beat and choked his former girlfriend during her ongoing relationship with him would have been probative, considering the cause of death in the instant case.
However, this court need not decide whether the trial judge abused his discretion in finding the evidence too remote. Allison proffered the testimony of the homicide investigator to provide the connection between Larney and the victim. The trial court sustained the State's objection to this testimony as hearsay. We agree with the trial court's ruling. Before *520 the trial court could admit the testimony of the investigator's conversation with Larney as a hearsay exception, not only must Larney be unavailable to testify at trial, but some corroborating evidence must show the trustworthiness of his statement. See § 90.804(2)(c), Fla. Stat. (1991). Allison did not represent to the trial court that Larney was unavailable. Nor did any other evidence corroborate the contention that Larney and the victim even knew one another. Accordingly, the investigator's testimony was inadmissible as hearsay, and, without this connection, the former girlfriend's testimony would be irrelevant.
We affirm.
NORTHCUTT, A.C.J., DAVIS, J., and DANAHY, PAUL W., (SENIOR) JUDGE, Concur.
NOTES
[1] See Williams v. State, 110 So.2d 654 (Fla. 1959).