981 So.2d 1240 (2008)
Brian VICTORY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3491.
District Court of Appeal of Florida, Fifth District.
May 16, 2008.
*1241 Brian A. Victory, Bristol, pro se.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Brian Victory, appeals the summary denial of his rule 3.850 motion and amended motion for post-conviction relief. We affirm the denial of relief on all grounds except the first ground in which Mr. Victory alleged that his counsel was inadequate because he failed to request an in camera hearing regarding the admissibility of prior sexual contact between the victim and her six year old brother for use as an alternative theory of innocence. As to that ground, we remand for an evidentiary hearing.
Mr. Victory was charged with two counts of capital sexual battery in which the victim was alleged to be the eight-year old female child of his girlfriend. In the first count the State alleged that Mr. Victory committed the crime by penile penetration, while in the second count the State charged digital penetration. A jury acquitted Mr. Victory of the first count, but convicted him of the second, and he was sentenced to life imprisonment. His direct appeal was affirmed by this court. See Victory v. State, 895 So.2d 430 (Table) (Fla. 5th DCA 2005).
Shortly after the victim told her mother that Mr. Victory had perpetrated the acts for which he was prosecuted, the child was examined by a physician's assistant. The physician's assistant testified at trial that the victim had a slight irritation of the vaginal area, but there was no blood or discharge. The examination was essentially normal, and no damage to the hymen was found.
At trial, a nurse testified that she also physically examined the victim on the day after the purported penile penetration. She related that she had seen a scar on the hymen inside the vaginal wall. She opined, as well, that the object causing the scarring could have been either blunt or sharp, but that in any event it induced sufficient injury to cause the tissue to scar. Most important, however, she testified that the level of healing was consistent with an injury that had occurred well before the prior evening.
Defense counsel attempted at trial to inquire into an incident in which Mr. Victory had disciplined the victim and her younger brother for simulating sexual intercourse. The prosecutor objected and as a result, defense counsel was only permitted to elicit testimony that Mr. Victory had disciplined the children for some unspecified behavior. Mr. Victory asserts that the trial court disallowed the information because defense counsel had not laid the procedural foundation for its admission, even though the victim's mother had also caught the children in a sexual position. Moreover, Mr. Victory claims that if the brother had testified, he would have admitted to digital penetration of his sister, and that "counsel was made aware of all this." In denying relief, the trial court did not directly address these specific allegations *1242 in the amended motion, but held that the assertions lacked legal sufficiency. We conclude, however, that the appellant is entitled to an evidentiary hearing on this issue.
Evidence of prior consensual sexual activity between a victim and someone other than the defendant would be admissible if the activity might have been the source of the injuries suffered by the victim. Section 794.022(2), Florida Statutes (2007), provides that specific instances of prior consensual sexual activity between a victim and any person other than the offender shall not be admitted into evidence, unless it is first established to the court in a proceeding in camera that such evidence may prove that the defendant was not the source of the semen, pregnancy, injury, or disease. See also McGriff v. State, 601 So.2d 1320 (Fla. 2d DCA 1992)(evidence of a victim's prior sexual encounters with others is admissible to show that the defendant was not the source of the victim's injuries). Indeed, the State concedes that evidence of sexual activity might in these circumstances be admissible, provided it is first established in an in camera hearing.
Nevertheless, under the standard enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a convicted person seeking to establish that his or her attorney was ineffective must demonstrate that counsel's performance was not only deficient, but also that a reasonable probability exists that but for counsel's deficient representation, the results of the proceeding would have been different. The trial court summarily denied relief on the issue raised by the appellant concerning his alternative theory of defense. In accordance with the applicable standard of review, this court is required to reverse a summary denial of relief and remand for an evidentiary hearing or other appropriate relief "unless the record shows conclusively that the appellant is entitled to no relief." See Fla. R.App. P. 9.141(b)(2)(D).
Here, defense counsel did not seek an in camera hearing with respect to the purported sexual contact between the victim and her brother. While he mentioned to the court that his client had observed simulated sexual activity between the victim and her brother, we are unable to discern from the record whether he was aware of the appellant's assertion that a digital penetration had taken place.
Thus, there are a number of issues that cloud any determination of whether the Strickland standard has been met by Mr. Victory, and more particularly, whether the record shows he is entitled to no relief. Given the evidence of old vaginal scarring and the allegations of digital penetration resulting from sexual simulation between the victim and her brother, as well as the fact that defense counsel did not request a statutory in camera hearing on the admissibility of such information, there are too many uncertainties surrounding whether Strickland was satisfied. There is no evidence, for example, of whether defense counsel knew of the claims of digital penetration by the sibling, or of whether counsel made a strategic decision not to pursue that alternative defense.
While the position of the dissent is certainly appreciated, the fact is that this court does not make credibility determinations. Our requirement is to reverse the summary denial of a rule 3.850 claim and require an evidentiary hearing if the claim of the defendant is not conclusively refuted by the record or by attachments of the trial judge. Neither are present in this case. The claim of Mr. Victory is that the healed damage to the victim's vagina was caused by digital penetration by her brother. In addition to claiming to have seen the children simulating sex, he claims that *1243 the victim specifically told him that her brother was "sticking his fingers" where they did not belong. Mr. Victory has been sentenced to life imprisonment. We cannot judge credibility from afar. Only the trial court can do that.
Accordingly, because the record fails to demonstrate conclusively that Mr. Victory is not entitled to the claimed relief, we conclude that an evidentiary hearing is necessary to resolve this claim of ineffective assistance, and therefore remand for such purpose. As to all other claims of ineffective assistance made by the appellant, we affirm.
AFFIRMED in part, REVERSED in part, and REMANDED.
TORPY, J., concurs.
SAWAYA, J., dissents, with opinion.
SAWAYA, J., dissenting.
I respectfully dissent. One would think from reading the majority opinion that Victory solely alleges digital penetration into the eight-year-old victim's vagina. Noticeably absent from the majority opinion, however, is the fact that Victory clearly and specifically alleges that the individual who committed the sexual batterya six-year-old child and brother of the victimdid so by inserting his finger and penis into the vagina of the victim. Moreover, contrary to what one might conclude from the majority opinion, Victory does not simply allege that the six-year-old boy will admit that he inserted his finger into his sister's vagina; instead, Victory actually proclaims that this six-year-old child will admit that he inserted his finger and penis into the victim's vagina. Also noticeably absent from the majority opinion is the testimony in the record by the victim and the victim's mother that the six-year-old brother did not commit the sexual abuse against the victim. I believe that Victory's allegations are absurd and ludicrous on their face and that confining the discussion to digital penetration in the majority opinion does not make them any less so.
During trial, defense counsel proffered to the trial court that all Victory was going to tell the jury was that he has "spanked them for seeing the kids simulate sex in the bed" to possibly show that the injury was caused by the six-year-old brother. The trial court properly found this testimony too speculative and allowed Victory to testify that he had disciplined the children for unspecified behavior. In the original version of his rule 3.850 motion, Victory did not allege the nature of the sexual behavior between the victim and her six-year-old brother to show that such behavior resulted in the damage to the victim's vagina. The appearance of the specific claim that the six-year-old brother, in essence, had consensual intercourse with the victim and penetrated her by inserting his penis and finger into her vagina did not make its appearance until Victory filed his amended motion. It is readily apparent, at least to me, that Victory interjects new allegations at every opportunity.
Section 794.022, Florida Statutes (The Rape Shield Law), excludes "[s]pecific instances of prior consensual sexual activity between the victim and any person other than the offender . . . [unless] it is first established to the court in a proceeding in camera that such evidence may prove that the defendant was not the source of the semen, pregnancy, injury, or disease. . . ." § 794.022(2), Fla. Stat. (2007). Deborah Scott, the nurse who performed the physical examination of the victim, testified that the object that caused the trauma could have been either blunt or sharp, but whatever it was, it produced enough injury to cause the child's vaginal tissue to scar. Nurse Scott specifically testified that there was damage to the hymen with scar tissue *1244 that extended past the hymen inside the vaginal vault that "went inside onto that back wall of the vagina." It is beyond belief that a pre-pubescent, six-year-old child could cause this type of injury as Victory alleges, especially injury that would produce scarring that far back into the victim's vagina. I find Victory's allegationsthat the victim's six-year-old brother caused the victim's injury by engaging in consensual intercourse with her by inserting his penis and finger into her vaginato be ridiculous and utterly devoid of any merit.
In order to prove ineffective assistance of trial counsel, a defendant must establish: 1) counsel's performance was deficient; and 2) the defendant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Nelson v. State, 875 So.2d 579, 583 (Fla.2004). In order to establish prejudice, the defendant must show that there exists a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. 2052; Nelson, 875 So.2d at 583. Adverting to the second prong, I do not believe that Victory can establish a reasonable probability that the outcome would have been different had counsel asked for and received an in camera hearing. First, Victory would have testified only that he disciplined the children for simulating sexual intercourse, which hardly established that the six-year-old brother caused the victim's injury. Moreover, I cannot conceive of any reasonable juror who would view Victory's attempt to lay the blame for this crime on a six-year-old child by speculating that the child had sexual intercourse with his sister and penetrated her with his penis and finger with anything other than disbelief, especially in light of the testimony by the mother and the victim that it did not happen. Even if the trial judge found the brother competent to testify, given his very young age, I believe that the specter of a six-year-old child being summoned into a courtroom in front of jurors and lawyers, propped up on a booster seat so he could peer out over the rails of the witness box, and questioned about alleged sexual escapades with his eight-year-old sister on nothing more than Victory's self-serving and baseless speculation would, in all probability, outrage the jury. Had that occurred, I firmly believe that we would be reviewing a claim for ineffective assistance of counsel alleging deficient performance for placing such absurd testimony before the jury.
The majority reverts to the general rule that this court should not make credibility determinations and that an evidentiary hearing is required if the allegations are not conclusively refuted by the record. There is, however, an exception to the general rule that clearly applies in this case. The exception provides that an evidentiary hearing is not required when the allegations are absurd, ridiculous, and "inherently incredible." See McLin v. State, 827 So.2d 948, 955 (Fla.2002) (recognizing that an evidentiary hearing is not required when the allegations are "inherently incredible"); Evans v. State, 843 So.2d 938, 940 (Fla. 3d DCA 2003) ("Finally, the defendant is not entitled to a hearing on his claim in any event because, under the circumstances of this case, the claim is facially incredible. . . . This claim is so thoroughly contrary to common sense as to be inherently incredible, and does not warrant a hearing."). Any view of this case, either close up or from afar, clearly reveals that Victory's allegations of penile and digital penetration of the victim by the six-year-old brother are facially incredible and unworthy of an evidentiary hearing.
In my view, remanding for an evidentiary hearing is a waste of judicial resources. *1245 Equally important, it is clear from Victory's motion that he wants the six-year-old brother questioned about the allegations made by Victory that the child had sexual intercourse with his sister. I believe that it would be most unfortunate to subject the mother and sister to the specter of their son and brother being removed from his kindergarten or first grade class to be taken to the courthouse and questioned about whether he, at the age of six, had sexual intercourse with his eight-year-old sister. The trial judge got it right and applied the law and a good dose of common sense in summarily denying this claim. I would affirm.