# Third District Court of Appeal

## State of Florida

Opinion filed January 13, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1432
Lower Tribunal No. 15-24823
_____

**Dontrell Posey,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before EMAS, C.J., and SCALES and LOBREE, JJ.

PER CURIAM.

A jury convicted appellant Dontrell Posey of second-degree murder and kidnapping, both involving the discharge of a firearm, and the trial court sentenced Posey to a term of life in prison. Prior to the trial, the trial court excluded "reverse Williams rule" evidence that Posey sought to introduce in order to show that another person had a motive to kill the victim. Because we conclude that the trial court erred by excluding this evidence, we vacate Posey's conviction, reverse the judgment and sentence, and remand for a new trial.

**I. Background**

On November 29, 2015, Posey allegedly abducted Omarr Wallace from the front of a Miami convenience store, took him to a field near the store and shot him to death. The environs of this store were known for drug activity. A witness named Anganette Wallace (no relation to the victim) worked in the store and knew that Omarr Wallace sold drugs in front of the store and knew that another man, Ryan Stokes, sold drugs in the field near the store. In her pre-trial deposition, Anganette Wallace testified that on a day shortly before the murder, Stokes, upset that Omarr Wallace was stealing Stokes's customers, confronted Omarr Wallace and told him to stop selling drugs in Stokes's territory. According to Anganette Wallace, Omarr Wallace told Stokes "he wasn't going nowhere."

Before the start of his April 2018 trial, Posey filed an extensive motion *in limine* in the trial court. In sections IX and X of the motion, Posey sought leave to

2

introduce Anganette Wallace's testimony to show that Stokes had a motive to kill Omarr Wallace. The State argued that evidence about the earlier encounter between Stokes and Omarr Wallace was inadmissible on several grounds: it was speculative and therefore prejudicial; it was an impermissible character attack on the victim; and it was not relevant because no other evidence besides Anganette Wallace's hearsay testimony linked Stokes and Omarr Wallace. The trial court agreed with the State, denied Posey's motion *in limine* as to sections IX and X, and disallowed any testimony from Anganette Wallace regarding her observations of the encounter between Stokes and Omarr Wallace.[1]

On appeal, Posey asserts that Anganette Wallace's testimony about the Stokes-Omarr Wallace confrontation was relevant to show that another person – i.e., Stokes – had motive to commit the murder, and that its exclusion from the trial was not harmless error.[2]

**II. Analysis**

---

[1] Notwithstanding Anganette Wallace's knowledge of the hostile encounter between Stokes and Omarr Wallace, Ms. Wallace identified Posey from a store surveillance video of the alleged assailant, which the police had showed her the day after the murder.

[2] In his appeal to this Court, Posey also asserted that the trial court, during *voir dire*, erred in denying four of his challenges to jurors for cause, leading to the inopportune exhaustion of Posey's peremptory challenges. Given our decision to remand this case for a new trial on the "reverse Williams rule" ground, we find it unnecessary to reach Posey's jury selection issue.

*A. "Reverse Williams Rule"*

The rule of evidence announced in Williams v. State, 110 So. 2d 654, 662

(Fla. 1959) is codified in section 90.404(2)(a) of the Florida Statutes, as follows:

> Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

§ 90.404(2)(a), Fla. Stat. (2015). "Essentially, Williams holds that evidence of

another crime is irrelevant unless it has direct probative value to the crime charged."

Moreno v. State, 418 So. 2d 1223, 1225 (Fla. 3d DCA 1982).

Where typically the prosecution invokes the Williams rule in order to

introduce evidence of the defendant's similar, relevant other crimes, this Court since

Moreno has recognized a defendant's right to offer similar-crime evidence to "show

his innocence by proof of the guilt of another." Id. at 1225-26. This inversion of the

role of the Williams rule for the defendant's benefit, so that the defendant may

introduce evidence to establish a reasonable doubt of his or her guilt, is known as

the "reverse Williams rule." Rivera v. State, 561 So. 2d 536, 539 (Fla. 1990).

In Rivera, as in the instant case, the type of evidence the defendant sought to

introduce was similar-fact evidence that pointed to another person's commission of

the charged crime. Rivera was convicted of sexually assaulting and murdering an

eleven-year-old girl and abandoning her body in a field. Id. at 537. The trial court

4

excluded "reverse Williams rule" evidence of another young woman's murder and abandoned body that occurred while Rivera was in custody. The trial court found, and the Florida Supreme Court agreed, that several key facts of the two murders were dissimilar; and therefore, Rivera was precluded from introducing the second murder into evidence. Id. at 540.

While the Florida Supreme Court in Rivera held that a defendant may introduce "reverse Williams rule" evidence for exculpatory purposes, the Rivera Court did not fully address the necessary measure of relevance of the other crime. The Court undertook this analysis in State v. Savino, 567 So. 2d 892 (Fla. 1990). Savino was charged with the murder of his six-year-old stepson. The trial court excluded evidence Savino sought to introduce to establish that his wife, before they were married, had killed her one-month-old child. Id. at 894.

While the Supreme Court quashed that portion of the Fourth District's opinion that had concluded the two crimes were sufficiently similar, Id., the Savino Court stated the general test for admissibility of "reverse Williams rule" evidence relevant to the instant case: "If a defendant's purpose is to shift suspicion to another person, evidence of past criminal conduct of that other person should be of such nature that it would be admissible if that person were on trial for the present offense." Id. The Court held that the same standards of relevance and probative value apply equally to Williams rule and "reverse Williams rule" similar-fact evidence. Id.

5

*B. The Instant Case*

In this case, Posey sought, through the testimony of Anganette Wallace, to introduce testimony of "other crimes, wrongs or acts" of Stokes (and, by association, Omarr Wallace), namely, that the two were competing drug dealers vying for customers on the same turf. Posey sought to introduce this evidence not to prove the "bad character or propensity" of Stokes or Omarr Wallace, but rather, to prove a material fact of his defense that Stokes was the culprit: i.e., Stokes's motive for killing Omarr Wallace.

Citing Savino, Posey argues that if Stokes had been charged with the murder of Omarr Wallace, the evidence of their confrontation would be admissible at trial. It would show motive. Stokes and Omarr Wallace allegedly were rival drug dealers. Anganette Wallace's testimony of their confrontation – in which Omarr Wallace refused Stokes's demand that he stop selling from the convenience store location – would have the purpose of showing Stokes's motive to eliminate Omarr Wallace in a turf war. Because this "reverse Williams rule" evidence would have been admissible as against Stokes,[3] it was error to exclude it. Savino, 567 So. 2d at 894.[4]

---

[3] At oral argument, the State did not quarrel with the assertion that, had Stokes been charged with killing Omarr Wallace, the State would have sought to introduce evidence of the confrontation.

[4] The State characterized Anganette Wallace's potential testimony as hearsay; however, this testimony was not being offered for the truth of the matter asserted,

Finally, we agree with Posey that the State cannot show harmless error in the exclusion of Anganette Wallace's testimony about the confrontation between Stokes and Omarr Wallace. Because the exclusion of this evidence prevented Posey from putting on a full defense, presenting to the jury a theory that could have created reasonable doubt in the minds of jurors, the State cannot meet its burden to show beyond any reasonable doubt that the error did not contribute to Posey's conviction. See State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986).

We, therefore, vacate Posey's conviction, reverse his judgment and sentence, and remand for a new trial to be conducted consistent with this opinion.

---

but to show Stokes's motive. § 90.404(2)(a), Fla Stat. (2015); see Foster v. State, 778 So. 2d 906, 914-15 (Fla. 2000).