FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-2589

_____

JAVON L. PETERSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Stephen S. Everett, Judge.

January 2, 2025

LONG, J.

Javon Peterson appeals his conviction for one count of first-degree murder, two counts of attempted first-degree murder, and one count of discharging a firearm from a vehicle. He argues that the trial court abused its discretion when it excluded reverse *Williams* rule evidence* of a shooting that had taken place in Georgia.

_____

* *Williams v. State*, 110 So. 2d 654 (Fla. 1959). The *Williams* rule is captured in section 90.404(2), Florida Statutes, which makes similar fact evidence of other crimes, wrongs, or acts admissible when relevant to prove a material fact in issue. This rule typically arises when the State seeks to introduce such evidence against a defendant. So-called "reverse *Williams* rule"

To preserve a claim based on a trial court's refusal to admit evidence, "the party seeking to admit the evidence must proffer the contents of the excluded evidence to the trial court." *Blackwood v. State*, 777 So. 2d 399, 410 (Fla. 2000). Here, the contents of the excluded evidence were sufficiently proffered through counsel's oral description and through an incident report and summary that described the Georgia shooting. The claim was, therefore, preserved for appeal.

A trial court's exclusion of reverse *Williams* rule evidence is reviewed for an abuse of discretion. *Huggins v. State*, 889 So. 2d 743, 761 (Fla. 2004). The threshold for admission of both *Williams* rule evidence and reverse *Williams* rule evidence is relevance. *State v. Savino*, 567 So. 2d 892, 894 (Fla. 1990). And the "degree of similarity" required to admit such evidence is the same regardless of whether it is the state or the defense seeking admission. *Id.* When it comes to such evidence, courts require "a close similarity of facts, a unique or fingerprint type of information, for the evidence to be relevant." *Id.*

The incidents here did not share sufficient similarities. The purported similarities are too general and commonplace to establish the "unique or fingerprint type" of similarity that is required for admission of reverse *Williams* rule evidence. *See Savino*, 567 So. 2d at 894. Appellant's shooting was an unprovoked attack motivated by mutual dislike between people from "the northside" and people from "the southside." On the other hand, the Georgia shooting was motivated by a fight over a woman at a football game. Appellant's shooting was a daytime drive-by at a convenience store stemming from a chance sighting of the intended victims. The Georgia shooting was a planned nighttime descent upon the intended victim's grandmother's house where twenty people exited their cars to have a face-to-face confrontation. The two events do not share the degree of similarity required for admissibility as reverse *Williams* rule evidence. *Id.* Thus, the trial

---

evidence is similar fact evidence offered by a defendant concerning acts committed by another person. *See Rivet v. State*, 307 So. 3d 801, 806 (Fla. 1st DCA 2018) (citations and quotations omitted).

court did not abuse its discretion when it excluded evidence of the Georgia shooting.

AFFIRMED.

KELSEY and NORDBY, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

Jessica J. Yeary, Public Defender, and Kathleen Pafford, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Michael Schaub, Assistant Attorney General, Tallahassee, for Appellee.