PER CURIAM.
We have for our consideration petitions for writ of prohibition seeking, in effect, review of Judge Fleet’s orders, wherein he denied motions to disqualify himself from further presiding over civil actions in which petitioners are parties. Our jurisdiction in such matters is well-established, Bundy v. Rudd, 366 So.2d 440 (Fla.1978); Mobil v. Trask, 463 So.2d 389 (Fla. 1st DCA 1985).
Petitioners moved to disqualify Judge Fleet, and those motions and the proceedings that followed, for purposes of our analysis, were virtually identical. The motions were accompanied by affidavits of the individual litigants in question which in turn referred to affidavits, also attached, executed by four partners of the law firm representing the litigants. The attorneys’ affidavits recited at length the history of what can only be characterized as a feud between the attorneys and Judge Fleet. The clients’ affidavits stated that they had reviewed the attorneys’ affidavits and discussed the matter with their lawyers and that, as a result, each client had “formed a well-founded fear and apprehension that I will not receive a fair and impartial trial before Judge Erwin Fleet.” By orders dated June 3, 1988, Judge Fleet denied the motions, finding that they were untimely and that they failed to demonstrate a “well-founded fear that the [movant] will not receive a fair and impartial trial before the undersigned judge notwithstanding any perceptions which [movants’] lawyers may have” (emphasis in originals).
The movants then filed motions for reconsideration of the denials based on remarks made by Judge Fleet and quoted in an article that was published in a local newspaper prior to denial of the motions. In support of the motions, movants attached the affidavit of a client of the Cotton, Wesley firm who was a litigant in a case pending before Judge Fleet. That affidavit described a conversation between the affiant and Judge Fleet’s son, who recommended that the affiant withdraw a motion to disqualify Judge Fleet in her case because she “would probably not be treated fairly in Judge Fleet’s courtroom” if she did not. Thereafter, the judge’s son filed an affidavit denying the described conversation ever occurred. Motion for reconsideration was denied.
We have reviewed this matter under the rule of the Bundy case, which is stated in pertinent part as follows (366 So.2d at 442):
Regardless of whether respondent ruled correctly in denying the motion for disqualification as legally insufficient, our rules clearly provide, and we have repeatedly held, that a judge who is presented with a motion for his disqualification “shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification.” Fla.R.Crim.P. 3.230(d)_ Our disqualification rule, which limits the trial judge to a bare determination of legal sufficiency, was expressly designed to prevent what occurred in this case — the creation of “an intolerable adversary atmosphere” between the trial judge and the litigant.
While the Bundy decision was premised on the controlling rule of criminal procedure, the Florida Rules of Civil Procedure, Rule 1.432(d), also expressly provides that the trial judge “shall not pass on the truth *995 of the facts alleged” and shall enter an order of disqualification if the motion is legally sufficient. Accordingly, we hold that the motions for disqualification should have been granted, and relief by prohibition is, therefore, appropriate. We withhold formal issuance of the writ, however, in anticipation of respondent’s voluntary compliance with the terms of this opinion and the assignment of another judge or judges to these cases by the Chief Judge of the First Judicial Circuit.
MILLS, BOOTH and BARFIELD, JJ., concur.