634 So.2d 769 (1994)
DURA-STRESS, INC., et al., Petitioners,
v.
Honorable William G. LAW, Jr., etc., et al., Respondents.
Nos. 93-1315 to 93-1318.
District Court of Appeal of Florida, Fifth District.
March 31, 1994.
Donald E. Christopher of Litchford, Christopher & Ruta, Professional Ass'n, Orlando, for petitioner, Dura-Stress, Inc.
Thomas B. Smith of Maguire, Voorhis & Wells, P.A., Orlando, for petitioners, G. Kent Fuller and Carol M. Rosier.
J. Stephen McDonald of Robertson, Williams, Mitnik & McDonald, P.A., Orlando, and James F. Keedy of James F. Keedy, P.A., Leesburg, for respondents.
GRIFFIN, Judge.
This consolidated petition for a writ of prohibition seeks review of an order denying a motion to disqualify a judge in four cases where the petitioning parties are the same. A detailed discussion of the facts is set forth in the dissent of Judge Thompson. After a review of the petition and the response, we conclude that the writ should be denied in lower court case number 92-1002. The motion and supporting affidavit concerning the alleged communication between the judge and attorney Williams do not give any time reference and are legally insufficient. None of the other grounds alleged was timely raised before or during trial as required by Rule 2.160(e). Had these grounds been timely, they were, standing alone, a weak basis for recusal. Nothing in the court's statements about the Williams affidavit during the recusal hearing warranted disqualification.
*770 Because, however, of the cumulative effect of all these circumstances, Petitioner adequately established a reasonable basis to fear that it would not receive a fair trial in the remaining three untried cases. In those, the lower court should have granted the motion.
We grant the petition and issue the writ of prohibition in lower court case numbers 92-656, 93-673 and 92-1008.
WRIT GRANTED.
W. SHARP, J., concurs and concurs specially, with opinion.
THOMPSON, J., concurs in part and dissents in part, with opinion.
W. SHARP, Judge, concurring specially.
I agree that the cumulative effect of the trial judge's behavior, remarks, and demeanor during the trial of the first case affords a basis for his disqualification in the three other cases, I agree with Judge Griffin that the motion for disqualification was untimely in the first case, coming as it did 14 days after an adverse jury verdict had been returned. Even if motions for new trial and J.N.O.V. remained pending in the first case, no successor judge could grant adequate relief by ruling on these motions without conducting a new trial.[1] That is why courts should not overlook the timeliness of a motion to disqualify where to do so results in prejudice and delay in the orderly progress of the case. See Deren v. Williams, 521 So.2d 150 (Fla. 5th DCA), rev. denied, 531 So.2d 169 (Fla. 1988).
However, I write to point out that the affidavit filed in this case by Brown was legally insufficient not because it failed to show on its face it was "timely." Its primary fatal defect is that the affiant, Brown, had no first-hand knowledge about the prejudicial remarks allegedly made to attorney Williams by the trial judge. In fact, the affidavit makes it clear that Brown's source of information was Fuller who told Brown what Fuller had allegedly been told by Williams. By my calculations, this is triple hearsay at best: trial judge -> Williams -> Fuller -> Brown.
Although the party moving for disqualification of a judge need not have personal knowledge of the facts asserted in an affidavit filed to establish a basis to disqualify a judge,[2] the affiant clearly must have some first-hand knowledge upon which to swear to the truth of the facts alleged. Otherwise, the affidavit is not truly an affidavit. See Hahn v. Frederick, 66 So.2d 823 (Fla. 1953) (affidavit made by citizens to the best of their knowledge and information held insufficient to disqualify judge).
I have found no case in Florida in which disqualification of a judge was ordered based solely on hearsay, much less triple hearsay. On the contrary, the affiants in all of the following cases were shown to have some fret-hand knowledge of the facts asserted in the affidavits: Deren, supra (movant had personal knowledge of facts alleged); Jenkins v. Fleet, 530 So.2d 993 (Fla. 1st DCA 1988) (affiants had personal knowledge of facts in affidavits); Hayslip (affiants had personal knowledge of facts set out in affidavit).
In Gieseke v. Grossman, 418 So.2d 1055, 1057 (Fla. 4th DCA 1982), the court disqualified a judge, using affidavits based partially on the affiants' personal knowledge and partially on information told them by the petitioner-moving party. The court said:
If the affidavits contained no other information than that which had been furnished to the affiants by the petitioner, they would obviously be legally insufficient.
The Brown affidavit was legally insufficient in this case for the same reason. As the court said in Hahn:
... in order to "support the facts in substance," the affidavits must be that affiant *771 has knowledge of the facts and knows them to be true.

66 So.2d at 825.
THOMPSON, Judge, concurring in part; dissenting in part.
This consolidated petition for a writ of prohibition seeks review of an order denying a motion to disqualify a judge in four cases where the petitioning parties are the same. After a review of the petition and the response, I would grant the petition in all cases. I would hold that the motion and the attached supporting affidavits were legally sufficient and the trial judge should have signed an order of disqualification for those cases. I would grant the petition and issue the writ of prohibition in all of the pending cases.

I. Procedural History and Facts of the Case
Petitioner Dura-Stress, Inc. brought four actions in the Lake County Circuit Court against its former president John Gray, his family and other corporations controlled by his family ("Grays"), alleging various corporate improprieties. The four cases have trial court case numbers 92-656, 92-673, 92-1002 and 92-1008. All of the cases were assigned to Judge William G. Law; a county judge temporarily assigned to the circuit court. Of those four cases, case number 92-1002 styled Dura-Stress, Inc. v. Trac Roadbuilders, Inc., went to jury trial on 10 May 1993. On 14 May 1993, the trial concluded and a verdict was rendered in favor of Trac Roadbuilders. On 24 May 1993 after the trial had concluded, Dura-Stress filed a verified motion to disqualify the trial judge in all four cases alleging that the trial judge was biased against Dura-Stress and its attorney and favored the defendant/respondent Trac Roadbuilders and its attorney, as evidenced by the trial judge's comments and actions throughout the trial.[1]
The motion for disqualification was supported by an affidavit of Edward R. Brown, an officer of Dura-Stress. Brown stated in his affidavit that he learned from G. Kent Fuller, Dura-Stress' president, that Judge Law is a close friend of attorney Robert Q. Williams, who had previously represented Dura-Stress in other litigation. Quoting Fuller, Brown went on to emphasize that Judge Law had stated in an ex parte conversation to attorney Williams that Judge Law "hated the Dura-Stress cases and wants to get rid of them." Attorney Williams also told Mr. Fuller that Dura-Stress better have local counsel because Judge Law may favor the opposing counsel over Dura-Stress' counsel.[2] The remaining statements in the affidavit concern the trial judge's alleged bias against Dura-Stress during the trial.
At the hearing on the motions to disqualify, the trial judge informed the parties that attorney Williams had filed an affidavit to correct the record. The affidavit states that the statements attributed to attorney Williams in the affidavit of Edward R. Brown are wholly false and untrue, that Williams never spoke with Judge Law about the Dura-Stress cases, and that Williams never told Dura-Stress' president that Judge Law was prejudiced in favor of the defendants or their attorneys. The affidavit states that it was being filed as a remedial measure to advise the court that certain evidence submitted to the court is false and untrue. With regard to this affidavit, the trial court stated:
At approximately 20 minutes till, what was our last break, at about 11:30, Attorney Bob Williams came into the courtroom and presented me with an affidavit to correct the record.
I have before me the original. It is styled in case number 92-1008, which apparently is Dura-Stress versus Deal. It's somewhat troubling, obviously especially on a first motion for disqualification. Obviously all matters have to be taken as true.
I did briefly skim it and it is going to be  I'm somewhat troubled by someone who's not even a party to a proceeding filing affidavits, et cetera. This has occurred. *772 I'm simply going to go ahead and direct that it be filed in apparently 91-1008. It's available here for anyone who wants to take a look at it.
After argument of counsel, the trial judge denied all motions for disqualification, finding "that adverse rulings are legally insufficient grounds." Other motions were pending before the trial judge when the motion for disqualification was filed: Dura-Stress had filed a motion for judgment notwithstanding the verdict or for new trial and Trac Roadbuilders had filed a motion for net final judgment. Before ruling on the motion for disqualification, the trial judge first ruled on Trac Roadbuilders' motion for net final judgment, and then denied the motion for disqualification as legally insufficient.
The petitions for writ of prohibition allege that the trial court should have granted the motions for disqualification because they were legally sufficient under Rule 2.160 of the Florida Rules of Judicial Administration, and because they stated a factual basis for fear of prejudice, which facts would prompt a reasonable person to fear not receiving a fair hearing. The petitions also allege that the trial judge exceeded the scope of inquiry by accepting an affidavit which refuted the factual allegations in the motion and supporting affidavit.
The Grays argue that the trial judge properly denied the motions for disqualification for several reasons. First, the motions were untimely as to anything occurring before 14 May 1993 because Rule 2.160 requires that a motion to disqualify be filed within 10 days of the discovery of the facts giving rise to the motion. The Grays assert that the only timely allegations pertain to the trial judge's comments and actions during the jury charge, which are legally insufficient to support the motions for disqualification. Second, the motions for disqualification were legally insufficient because they fail to articulate a well-founded fear of not receiving a fair trial. The Grays assert that the allegations of bias, prejudice and sympathy are not supported by facts and record citations and that the motions for disqualification were legally insufficient to show bias or prejudice to the extent that Dura-Stress was adversely affected. Third, the trial judge did not pass on the truth of the matters alleged in the motion for disqualification so as to require granting the writ of prohibition. Fourth, the petition for writ of prohibition is not filed in good faith because Dura-Stress has not sought recusal of the same trial judge in other pending cases. Fifth, the trial judge did not err in entering the net final judgment prior to considering the motion for disqualification because a judge may reduce a prior ruling to writing subsequent to the filing of a motion for disqualification.

II. Applicable Law
While section 38.10 of the Florida Statutes[3] gives litigants the substantive right to seek disqualification of a trial judge, newly-enacted Rule 2.160 of the Florida Rules of Judicial Administration sets forth the procedure to be followed in the disqualification process. Rule 2.160(e) provides that a motion to disqualify shall be in writing, shall specifically allege the facts and reasons relied on to show the grounds for disqualification, shall be sworn to and shall be accompanied by a certificate of good faith by the movant's attorney. Fla.R.Jud Admin. 2.160; see Brown v. St. George Island, Ltd., 561 So.2d 253 (Fla. 1990) (the statute creates the substantive right, but the process of disqualification is procedural and the procedures are governed by the rules of procedure). Rule 2.160(d)(1) provides that a ground for disqualification is the prejudice or bias of the judge. Rule 2.160(e) states that a motion *773 shall be made within a reasonable time not to exceed ten days after discovery of the facts constituting the grounds for disqualification; subsection (f) of that rule states that a trial judge shall determine only the legal sufficiency of the motion and not the truth of the facts alleged, and shall grant the motion if it is legally sufficient. Fla.R.Jud.Admin. 2.160; see also Livingston v. State, 441 So.2d 1083 (Fla. 1983).
The motion to disqualify the judge in the instant case was properly before the trial court and substantially complied with the procedural requirements of Rule 2.160 in that the motion was in writing, the motion was specific as to the facts and reasons that supported the motion and the motion was sworn to and accompanied by a certificate of good faith from the party and the attorney. Fla.R.Jud.Admin. 2.160. The motion also alleged that the party feared the bias of the trial judge. Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981).

III. Criteria For Judicial Review
The test to be used by the trial court in reviewing a motion for disqualification has been determined by the Supreme Court. In MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla. 1990), the Supreme Court of Florida held that the facts alleged in a motion to disqualify need only show a movant's well grounded fear that the movant will not receive a fair trial. The test to be utilized is whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial. MacKenzie, 565 So.2d at 1335; see also Fischer v. Knuck, 497 So.2d 240 (Fla. 1986). Subjective fears are not sufficient to support a motion for disqualification. Fischer, 497 So.2d at 242; see also Kowalski v. Boyles, 557 So.2d 885 (Fla. 5th DCA 1990). Further, adverse judicial rulings alone may not be the basis for disqualification of a judge for bias or prejudice. State ex rel. Locke v. Sandler, 156 Fla. 136, 23 So.2d 276 (1945); Wilson v. Renfroe, 91 So.2d 857 (Fla. 1956).
In reviewing the legal sufficiency of a motion for disqualification, i.e. whether the movant has alleged facts giving rise to a well-founded fear that the movant will not receive a fair trial, the facts must be taken as true and must be viewed from the movant's perspective. See Livingston, 441 So.2d 1083 ("The question of disqualification focuses on those matters from which a litigant may reasonably question a judge's impartiality rather than the judge's perception of the judge's ability to act fairly and impartially."). For example, in Michaud-Berger v. Hurley, 607 So.2d 441 (Fla. 4th DCA 1992), review denied, 614 So.2d 503 (Fla. 1993), the trial judge had issued a memorandum opinion in an unrelated case which found the actions of one of petitioner's attorneys involved "sophistry," "greed, overreaching and attempted extortion." Despite the trial judge's assurance that he would remain impartial, the trial judge concluded that petitioner's other attorney had intentionally acted improperly in his use of a jury verdict form. The Fourth District concluded that the cumulative effect of these events constituted a legally sufficient basis for disqualification.

IV. Dura-Stress' Three Theories For Disqualification
In this case, the facts which most support Dura-Stress' motion for disqualification are those concerning the trial judge's ex parte communication with attorney Robert Q. Williams, the first theory, and the trial judge's comments during trial in the presence of the jury, which includes the trial judge's instruction to Dura-Stress' attorney to file a complaint with the Judicial Qualifications Commission if he did not like the judge's rulings, the second theory. These allegations of prejudice were contained in the affidavit supporting the motion for disqualification. The final theory is the judge's comment on the motion to disqualify.

A. Ex Parte Communication
The allegation concerning the ex parte communication between the trial judge and attorney Williams, if taken as true, is sufficient to create a well-founded fear in Dura-Stress that it would not receive a fair trial. If the trial judge had remarked to Williams that he hated the Dura-Stress cases, it would be reasonable for Dura-Stress to believe that the trial judge may consistently rule adversely to one party in an effort to bring the cases to an early end. Further, if attorney Williams told Dura-Stress' president that the *774 trial judge may favor opposing counsel and that Dura-Stress should hire a local attorney, it would be reasonable for Dura-Stress to believe that the judge was biased or prejudiced against Dura-Stress' attorney. Fla.R.Jud.Admin. 2.160(f); Leigh v. Smith, 503 So.2d 989 (Fla. 5th DCA 1987). However, since Dura-Stress never offered sworn testimony as to when the alleged ex parte conversation took place, it cannot be assumed that it occurred within ten days of the motion being filed.
A thorough review of the affidavit of Edward R. Brown does not reveal the date, time or place the alleged ex parte conversation took place. Nor does the affidavit give any benchmarks that can allow an interpolation as to when the alleged ex parte conversation occurred. Since the rule requires that the motion be filed within a reasonable time after the discovery of judicial bias, an affidavit that does not clearly give this critical information renders the affidavit invalid. Therefore, the petitioner can not have the judge disqualified under this theory.

B. Inappropriate Judicial Conduct During Trial
The second theory that the petitioner offers is inappropriate judicial conduct during the trial. Under this theory, the affidavit of Brown details the behavior of Judge Law during the trial and the charge conference to support the motion for disqualification; the last allegedly inappropriate judicial behavior occurring on 14 May 1993, ten days before the motion and affidavit were filed.
Most of the allegations of bias or prejudice based on the trial judge's mannerisms and demeanor during trial are subjective fears on the part of Dura-Stress. However, Brown's affidavit states that the trial judge made two particular comments during trial in the presence of the jury which may have led the jury and Dura-Stress to believe that the trial judge disfavored Dura-Stress' attorney: (1) the trial judge commented to the jury when overruling one of Dura-Stress' objections, "Mr. Christopher is just objecting because he does not like what he is hearing;" and (2) the trial judge asked opposing counsel during the jury instruction phase "is this what you want me to say?" without asking the same of counsel for Dura-Stress.
The trial judge's instruction to the attorney for Dura-Stress to file a complaint with the JQC if he did not like the judge's ruling made during the charge conference could reasonably lead Dura-Stress to believe that there was hostility between its attorney and the trial judge. Such hostility could reasonably create a well-founded fear of bias or prejudice in Dura-Stress.

C. The Judge's Comment on the Motion
Finally, the trial judge's receipt and review of the "troubling" affidavit of attorney Williams denying any ex parte communication with the trial judge, could be perceived as improperly reaching the truth of the facts alleged in Brown's affidavit. A judge may not under any circumstance address the merits of a motion to disqualify. The fact that the judge received an ex parte affidavit, reviewed it, then commented upon it is reason enough to grant the writ. Fla.R.Jud.Admin. 2.160(f); Bundy v. Rudd, 366 So.2d 440, 442 (Fla. 1978); Jenkins v. Fleet, 530 So.2d 993 (Fla. 1st DCA 1988); Gieseke v. Moriarty, 471 So.2d 80 (Fla. 4th DCA 1985).

V. Timeliness of The Motion
I have reviewed with care and interest the persuasive argument advanced by the Grays that Dura-Stress has waived its disqualification arguments by waiting until ten days after the trial was concluded and the jury had returned a verdict to file the motion. Citing Rule 2.160(e),[4] the Grays argue that, except for the judge asking questions of the Grays' counsel concerning the order of jury instructions on 14 May 1993, all of the judge's actions complained of occurred more than ten days before the motion to disqualify *775 was filed and they were well known to Dura-Stress.[5]See Fischer, 497 So.2d 240. I acknowledge that principle of law that a party should not be allowed to lay back and wait to see if they get a favorable result before filing a motion to disqualify. In re Estate of Carlton, 378 So.2d 1212 (Fla. 1979), cert. denied, 447 U.S. 922, 100 S.Ct. 3013, 65 L.Ed.2d 1114 (1980). In this case, however, the cumulative effect of the various incidents requires that the writ issue.
The cumulative effect of the judicial behavior in this case is a legally sufficient basis for a motion to disqualify. The judge's behavior during trial, his comments during the charge conference and his comments regarding the affidavit of attorney Williams amounted to more than a subjective fear that Dura-Stress would not receive a fair trial. Michaud-Berger, 607 So.2d at 446. The cumulative effect constitutes good cause for the delay.

VI. Conclusion
The litigants in any case are entitled to a fair and impartial magistrate; one who is neutral as to both parties. Whenever an allegation is raised which questions the judge's neutrality as to one or both of the parties in a motion to disqualify, the trial judge can only pass on the motion's legal sufficiency. If it is legally sufficient, the trial judge must grant the motion and proceed no further. Fla.R.Jud.Admin. 2.160(f); Borjas v. Brescher, 579 So.2d 399 (Fla. 4th DCA 1991). The judge may not enter any other orders, nor may the judge pass on the truthfulness of the motion and affidavits. MacKenzie, 565 So.2d at 1340; Eastern Airlines, Inc. v. King, 561 So.2d 1220 (Fla. 3d DCA 1990), review denied, 576 So.2d 288 (Fla. 1991), cert. denied, 500 U.S. 943, 111 S.Ct. 2238, 114 L.Ed.2d 480 (1991). In this case, the judge should not have entered any orders after the motion to disqualify was filed. He should have ruled on the motion first, before proceeding to any other matters. I would, therefore, quash the order entered on the motion for net final judgment.
Finally, I would grant the petition and issue the writ as to all cases involving Dura-Stress. Once these cases have been returned to the trial court, the trial judge and the parties should review McGibeny v. Smith, 524 So.2d 713 (Fla. 5th DCA 1988), and Michaud-Berger, 607 So.2d 441, to determine if it would be in the best interest of the parties for the trial judge to remain on the two cases that were not the subject of petitioner's writ of prohibition.
NOTES
[1] Although it has been held that a successor judge has the authority to rule on a motion for a new trial, an order granting a new trial in such cases is not entitled to the same weight on appeal as is an order of a judge who tried the case. General Hospital of Creater Miami, Inc. v. Gager, 160 So.2d 749 (Fla. 3d DCA), cert. denied, 168 So.2d 145 (Fla. 1964).
[2] See Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981).
[1] The three remaining cases have not been tried. After the petition for writ of prohibition was filed and this court entered a show cause order, all further proceedings in the trial court were stayed.
[2] The Brown affidavit does not state the date, time or place where the alleged conversation took place.
[3] Section 38.10 provides in pertinent part:

Whenever a party to any action or proceeding makes and files an affidavit stating that [the party] fears [the party] will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of that court against the applicant or in favor of the adverse party, the judge shall proceed no further, but another judge shall be designated in the manner prescribed by the laws of this state for the substitution of judges for the trial of causes in which the presiding judge is disqualified. Every such affidavit shall state the facts and the reasons for the belief that any such bias or prejudice exists and shall be accompanied by a certificate of counsel of record that such affidavit and application are made in good faith.
§ 38.10, Fla. Stat. (1991).
[4] Rule 2.160(e) reads:

A motion to disqualify shall be made within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling.
Any motion for disqualification made during a trial must be based on facts discovered during the trial and may be stated on the record and shall also be filed in writing in compliance with subdivision (c). Such trial motions shall be ruled on immediately.
Fla.R.Jud.Admin. 2.160(e).
[5] The Grays do not dispute that the affidavit of Brown does contain an incident that occurred within the ten days required to file a motion. They dispute that the incident is legally sufficient for recusal, even if true. See State ex rel. Fuente v. Himes, 36 So.2d 433 (Fla. 1948).