834 So.2d 885 (2002)
Lino ALONSO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1874.
District Court of Appeal of Florida, Third District.
December 11, 2002.
Rehearing, Rehearing and/or Certification Denied January 22, 2003.
*886 Bennett H. Brummer, Public Defender, and Dorothy F. Easley, Special Assistant Public Defender, for appellant.
Richard E. Doran, Attorney General, and Erin K. Zack, Assistant Attorney General, for appellee.
Before JORGENSON, FLETCHER, and RAMIREZ, JJ.
Rehearing, Rehearing En Banc and/or Certification Denied January 22, 2003.
PER CURIAM.
Lino Alonso appeals his convictions for sexual battery on a minor less than twelve years old and for lewd, lascivious, indecent assault upon a child. We affirm.
Alonso argues that the Information should have been dismissed for vagueness because it does not specify exactly when he molested the child. We disagree. The Information does not lack specificity and does not require dismissal under Florida Rule of Criminal Procedure 3.140(d)(3). See State v. Jones, 539 So.2d 535, 537 (Fla. 3d DCA 1989) ("It is not necessary that the exact date of the offense be alleged in an information if that date is not known. It is sufficient to allege that the offense occurred within stated specific time limits.").
Alonso next argues that his convictions on both counts violate double jeopardy. Alonso is mistaken; the acts charged were distinct, occurred at different times, and the charges were supported by evidence. See Morman v. State, 811 So.2d 714, 717 (Fla. 2d DCA 2002) (similar acts sufficiently separated by time did not involve double jeopardy); see also Saavedra v. State, 576 So.2d 953 (Fla. 1st DCA 1991).
Alonso further argues that his statements to the polygraph examiner and the detective should have been excluded as evidence. This argument also lacks merit. Alonso's statements were voluntary. Before Alonso made any statements to the *887 polygraph examiner, he was read his Miranda rights and signed a Miranda waiver form. We further find that Alonso was not coerced. See La Rocca v. State, 401 So.2d 866 (Fla. 3d DCA 1981).
Affirmed.