PER CURIAM.
Following the revocation of defense counsel’s pro hac vice status of David E. Larson and the denial of their motions to disqualify Judge Jean Johnson from presiding in the three trial court cases, GACS Incorporated and Ryder Automotive Operations, Inc. petition this court for prohibition relief and writs of certiorari to review the order revoking Mr. Larson’s pro hac vice status in each case.[1] We conclude that the motions for disqualification were timely and facially sufficient; therefore, we grant the petitions for writ of prohibition. See Fla. R. Jud. Admin. 2.160; Dura-Stress, Inc. v. Law, 634 So.2d 769 (Fla. 5th DCA 1994). We direct Judge Johnson to enter orders of disqualification and request that the Chief Circuit Judge assign a new judge to each of these cases.
*1103 We also deny the petitions for certiorari without prejudice to allow petitioners to seek pro hac vice status of Mr. Larson with the newly assigned judge in each case.[2]
WOLF, C.J., ERVIN and PADOVANO, JJ., concur.

. The three Writ of Prohibition cases and the three Writ of Certiorari cases are hereby consolidated for purposes of this opinion.

. We note that Mr. Larson must follow the procedure in Florida Rule of Judicial Administration 2.061, Foreign Attorneys, and he is not necessarily disqualified from eligibility for any reason listed under subsection (a) of that rule.