879 So.2d 80 (2004)
Lino ALONSO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-517.
District Court of Appeal of Florida, Third District.
August 4, 2004.
Lino Alonso, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, WELLS and SHEPHERD, JJ.
COPE, J.
Lino Alonso appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.
Defendant-appellant Alonso requests postconviction relief, arguing that his case proceeded to trial in violation of a stay emanating from this court. The premise of defendant's argument is incorrect.
While criminal charges were pending against the defendant, see generally Alonso v. State, 834 So.2d 885 (Fla. 3d DCA 2002), the defendant filed a pro se motion in the trial court requesting discharge under the speedy trial rule. After discharge was denied, the defendant filed a pro se petition for writ of prohibition in this court.
This court entered an order stating, "The respondent [the State] is ordered to file a response within thirty (30) days of the date of this order to the petition for writ of prohibition." Order, Alonso v. State, No. 3D01-828, 814 So.2d 1048 (Fla. 3d DCA April 9, 2001). The State requested extensions of time for the response. While the petition for writ of prohibition remained pending in this court, the defendant's case proceeded to trial and the defendant was convicted. See Alonso v. State, 834 So.2d at 886. Thereafter this court dismissed the petition for writ of prohibition as moot. Order, Alonso v. State, No. 3D01-828, 814 So.2d 1048 (Fla. 3d DCA March 5, 2002).
*81 In his request for postconviction relief, the defendant contends that when this court ordered a response to the petition for writ of prohibition, this created a stay of proceedings in the trial court. He argues that his case was impermissibly taken to trial in violation of the stay. The defendant misapprehends the nature of the order entered in his case.
Florida Rule of Appellate Procedure 9.100(h) provides that in response to a petition for an extraordinary writ, including prohibition, this "court may issue an order directing the respondent to show cause, within the time set by the court, why relief should not be granted. In prohibition proceedings such orders shall stay further proceedings in the lower tribunal." Id. (emphasis added).
The defendant reasons that the order issued in his case was a "show cause" order. He argues that the issuance of the order created an automatic stay. The defendant is incorrect.
Under this court's practice, in response to a petition for prohibition the court may either (a) order a response, or (b) issue a show cause order. See State v. Guzman, 697 So.2d 1263, 1265 n. 1 (Fla. 3d DCA 1997).
In the defendant's case, the order quoted above simply ordered the State to file a response. This is not treated by this court as a "show cause" order and does not create a stay of proceedings in the trial court.
When the court wishes to invoke the "show cause" part of Rule 9.100(h) and thereby create a stay of proceedings in the trial court, the court issues a different standard form order. Such an order was not entered in the defendant's case.
Of the two alternatives, simply ordering a responsethe alternative used in defendant's caseis the more frequently invoked alternative. That is so because this court is reluctant to cause a stay of proceedings in the trial court unless absolutely necessary to do so.
For the reasons stated, there was no stay in effect at the time the defendant's case proceeded to trial. The defendant's remaining claims are likewise without merit.
Affirmed.[*]
NOTES
[*] We have taken judicial notice of this courts file in Alonso v. State, No. 3D04-14, 2004 WL 1737079, 881 So.2d 622.