LEVINE, J.
The issue presented is whether the trial court erred by denying appellant’s motion to disqualify the trial judge before sentencing where the judge stated that appellant had committed perjury during the trial. We find the trial court erred by denying the motion to disqualify, and as such we reverse for resentencing. We find the other ground raised by appellant *257 to be without merit and we affirm the convictions.
Appellant was charged and convicted of armed kidnapping, aggravated battery, and giving a false report of a crime. Appellant asked his girlfriend to contact the victim, whom she had previously dated. Appellant had a “beef’ with the victim, so the girlfriend found it strange when appellant asked her to invite the victim over. When the victim arrived, appellant sneaked out of the bedroom and struck the victim with a machete. Appellant told the victim to get on his knees near the door. Appellant then erased his girlfriend’s phone number from the victim’s cell phone. Appellant placed a knife in the victim’s hand and told the victim that he was doing it “so it could seem like [the victim] attacked him.” The victim later testified he was in the apartment “[a]t least for three hours.” Appellant pretended to call the police to tell the police that the victim tried to rob him.
Subsequently, the police responded to the scene. Initially, appellant claimed that the victim pushed his way into the apartment. However, deputy sheriffs determined the blood patterns at the scene to be inconsistent with appellant’s story. A few days later, appellant gave a second story, in which appellant admitted to luring the victim to the apartment. Appellant now admitted that the victim did not have a weapon, nor did the victim attack appellant with a knife at the front door. During the taped statement, appellant apologized for lying during the first statement. Appellant admitted to putting a knife in the victim’s hand and making his girlfriend call the victim to have the victim bring her food, while appellant hid in the bedroom. The trial court determined that a redacted version of the taped statement would be admissible, but that the version presented to the court had not been edited sufficiently and was therefore inadmissible.
At trial, appellant testified that he had no plan to lure the victim to the apartment. After hearing several knocks at the front door, he picked up a machete and opened the door, When he did, the victim charged him. Appellant testified that he told the deputy what she wanted to hear during the second interview, because she had threatened his girlfriend with criminal charges. Appellant denied telling the deputy that he put a knife in the victim’s hand and denied telling the deputy that appellant and his girlfriend planned to lure the victim to the apartment:
Q. Did [the detective] take the witness stand, sat in the same seat that you are sitting, and told us that you admitted to everything the state is trying to prove against you?
A. No. No.
Q. Did you, in fact, make any such admissions?
A. No.
Q. Did you tell the detective that you put the knife in [the victim’s] hand?
A. No.
Q. Did you tell the detective that you and [your girlfriend] had a plan to get [the victim] over to your apartment?
A. No.
At this point, while out of the presence of the jury, the trial court stated the following:
THE COURT: We have an additional problem. That is your client has now testified under oath to something that is completely contrary to what I saw on tape. He testified that he never told the detective certain things that are clearly on that tape. That is perjury, and your client was right here when the tape was played.
*258 [DEFENSE COUNSEL]: Judge, I don’t believe we got that far in the tape.
THE COURT: Hello.
[DEFENSE COUNSEL]: Judge, I think we ended the tape right around—
THE COURT: Even if he wasn’t right here, it is clearly on the tape. We all watched it. I just heard him testify to something that is 180 degrees from what is on the tape.
State, if you can redact that tape, sir, it will be admissible in your rebuttal case. All right. I’m recessing this jury. You can inquire as you see fit at this time.
[DEFENSE COUNSEL]: The attorney advised him two different things, and I am about to get on the podium the answer.
THE COURT: It is not a question of whether you advised him one way or the other, it is a question of what is the truth, so.
[DEFENSE COUNSEL]: I don’t know what the truth is, Judge.
THE COURT: He does.
[DEFENSE COUNSEL]: He doesn’t, because he thinks he only has one.
THE COURT: Everybody knows what the truth is. You can ask the questions.
Later, appellant stated the following in cross-examination:
Q. So which is it? Earlier you just stated you never told [the detective] in an interview that you placed a knife in [the victim’s] hand. Now you are saying you didn’t. I want to know which it is.
A. I apologize for whatever I have said prior to that because I just didn’t understand the question.
Q. I don’t understand at this point. Did you ever place a knife — did you ever tell [the detective] that you placed a knife in [the victim’s] hand during an interview?
A. Yes, I said so.
Q. So you did?
A. Yes.
Q. Did you not just say you didn’t? Did your attorney just ask you that question?
A. I didn’t understand.
Q. Who did you not understand me or your attorney?
[[Image here]]
[Appellant]: I didn’t understand when it was being translated to me.
[[Image here]]
Q. I’m still unclear about the answer, so I am going to ask once more. Did you ever tell [the detective] at any time and during an interview that you placed a knife in [the victim’s] hand in your apartment?
A. Yes.
Q. Okay. And did you not just in Direct Examination tell your attorney something completely different?
A. Yes. I think I did say something different because I didn’t understand the question.
Finally, on redirect examination appellant testified that not all things he told the deputy during the taped statement were true, but that he had said them because the deputy had threatened to put his girlfriend in jail.
The jury found appellant guilty as charged of all three counts.[1] Two days later, appellant moved to disqualify the trial judge based on the judge’s comment that appellant had “committed perjury.” Appellant asserted that the judge’s corn- *259 ments created in appellant a well-founded fear that he would not receive a fair and impartial sentencing. The trial court denied appellant’s motion to disqualify as legally insufficient. The trial court held a sentencing, hearing and sentenced appellant. This appeal ensues.
This court reviews de novo the legal sufficiency of a motion to disqualify a trial judge. Barnhill v. State, 834 So.2d 886, 843 (Fla.2002).
Under Florida Rule of Judicial Administration 2.330, a motion to disqualify must “allege specifically the facts and reasons upon which the movant relies as the grounds for disqualification.” Fla. R. Jud. Admin. 2.330(c)(2). The motion must show “that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge.” Fla. R. Jud. Admin. 2.330(d)(1).
“In considering a motion to disqualify, the trial court is limited to ‘determining the legal sufficiency of the motion itself and may not pass on the truth of the facts alleged.’ ” Riechmann v. State, 966 So.2d 298, 317 (Fla.2007) (citation omitted). “In determining legal sufficiency, the question is whether the alleged facts would ‘create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial.’ ” Id. at 317-18 (citation omitted). The fear must be objeetivély reasonable, and not subjective. Parker v. State, 3 So.3d 974, 982 (Fla.2009). “If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action.” Fla. R. Jud. Admin. 2.330(f).
In the present case, the trial court erred in failing to grant the motion to disqualify. Appellant’s motion and affidavit were legally sufficient, and as such, required the trial court’s granting of the motion to disqualify. “As a general proposition, a statement by a trial judge that he or she feels a party has lied in the case is generally regarded as indicating a bias against the party.” Campbell Soup Co. v. Roberts, 676 So.2d 435, 436 (Fla. 2d DCA 1995).
In City of Hollywood v. Witt, 868 So.2d 1214, 1217 (Fla. 4th DCA 2004), this court found that a party’s motion to disqualify was legally sufficient, where the party alleged in part that the trial judge had stated that he did not believe any of that party’s witnesses at trial and thought the party’s witnesses had lied. Further, in Simpson v. State, 103 So.3d 142 (Fla,2012), the supreme court recently found a motion to disqualify legally sufficient, based on statements by a trial judge which suggested that the judge had made a “credibility determination” as tó an officer. Specifically, in Simpson, in denying a defendant’s request to appoint a handwriting expert, the trial judge had stated he was “not going to find that the detective has committed perjury.” Id.
The proper “inquiry focuses on whether the defendant may reasonably question a judge’s impartiality rather than whether the judge perceives she is able to act fairly and impartially.” Siegel v. State, 861 So.2d 90, 92 (Fla. 4th DCA 2003). In this case, the trial judge’s statement that appellant had perjured himself would create a well-founded fear in a reasonably prudent person that the person would not receive a fair and impartial hearing.
In conclusion, we affirm the convictions and reverse and remand for resentencing on the counts of armed kidnapping and aggravated battery before another judge. See Lewis v. State, 530 So.2d 449, 450 (Fla. 1st DCA 1988).

*260
Affirmed in part, reversed in part, and remanded with directions.

WARNER and CIKLIN, JJ., concur.

. On the count for giving a false report of a crime, appellant received a sentence of time served. Appellant does not appeal this conviction.