DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**FREDERICK J. KEITEL, III, FJK PROPERTIES, INC.,**
and **FJK IV PROPERTIES, INC.,**
Petitioners,

v.

**THOMAS D. AGOSTINO, SR.,**
Respondent.

No. 4D14-2368

[October 8, 2014]

Petitioner for writ of prohibition to the Fifteenth Judicial Circuit, Palm Beach County; Meenu Sasser, Judge; L.T. Case No. 502013CA004692XXXXMB.

Frederick J. Keitel, III, Palm Beach, for petitioners.

Eric Christu and Jonathan P. Hart of Shutts & Bowen, LLP, West Palm Beach, for respondent.

GROSS, J.

This is a petition for writ of prohibition following a judge's denial of a motion to disqualify her from presiding over a civil case after petitioners set the judge for a deposition to gather information to support their motion for recusal. We conclude that the motion to recuse and its supporting documents were not legally sufficient and deny the petition.

We state the allegations of the petition without any finding as to their veracity. There are several related cases between the parties pending in the Fifteenth Judicial Circuit. Three cases were in front of Judge Cox; another was in front of Judge Sasser. Judge Cox agreed that all of the cases could be transferred to his division; Judge Sasser denied the petitioners' motion to transfer. At a hearing on February 4, 2014, Judge Sasser said that she had "communications with Judge Cox." Judge Cox recused himself from all of petitioner's cases on March 5, 2014.

Without any reference to anything of record, petitioner "believes Judge Sasser defamed [him] and sabotaged [his] cases before Judge Cox, causing Judge Cox to have prejudice against [petitioner] and ultimately causing Judge Cox to recuse himself."

Petitioner sought to take the depositions of Judges Cox and Sasser. At a May 14 case management hearing which petitioner did not attend, Judge Sasser discussed petitioner's attempt to depose her with G. Michael Keenan, another lawyer in the case. Nothing Judge Sasser said at the hearing is sufficient to recuse her; she discussed pending matters.

On May 19, 2014, there was a hearing on petitioner's motion to compel Judge Sasser's deposition. Petitioner argued his motion. He told the judge:

> I did consult, Your Honor with former judges, prosecutors, lawyers, former law clerks, and Supreme Court Justices about this case before I even filed the deposition notices. Without going into violating any privileges that I received from them, I think universally everyone I spoke to said the same thing: They feel that your actions in defaming me and defaming our –

Judge Sasser cut petitioner's argument short, pointing out that it was "not appropriate for this matter." After hearing briefly from opposing counsel, the Judge passed the ruling on to another judge with a related motion.

Petitioner moved to recuse Judge Sasser. He alleged,

> [u]pon information and belief, [that] Judge Sasser has maliciously continued to defame and sabotage me to other judges, to the point that she has made it the gossip of the courthouse to unduly prejudice me, my clients and my cases before other judges I appear before, and poisoning the well for all judges in Palm Beach County, to the point where I cannot get a fair and impartial hearing in Palm Beach County due to the undue influence of Judge Sasser, and all the related cases should be transferred outside of Palm Beach County to an independent judge.

He also alleged that lawyer Keenan told him that, at the May 14 hearing, he "felt fear and intimidation" and "personally felt threatened." Keenan filed no affidavit. Petitioner argued that Judge Sasser "has become antagonistic, prejudiced and biased" against petitioner because he "sought

to depose her." Judge Sasser denied the motion to recuse as legally insufficient.

> Under Florida Rule of Judicial Administration 2.330, a motion to disqualify must "allege specifically the facts and reasons upon which the movant relies as the grounds for disqualification." Fla. R. Jud. Admin. 2.330(c)(2). The motion must show "that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge." Fla. R. Jud. Admin. 2.330(d)(1).

*Louissant v. State*, 125 So. 3d 256, 259 (Fla. 4th DCA 2013).

The purported incidents of defamation and sabotage are tied to nothing: nothing in the record, nothing the judge said at a hearing, nothing from anyone who heard a defamatory statement. While Mr. Keitel may have felt afraid at the May 14 hearing, nothing Judge Sasser said could reasonably have induced his fear. "A legally sufficient motion for disqualification cannot be based upon rumors or gossip about what the trial judge allegedly said to unidentified people, at unidentified times, and under unidentified circumstances." *Barwick v. State*, 660 So. 2d 685, 693 (Fla. 1995) (finding motion legally insufficient) (receded from on other grounds in *Topps v. State*, 865 So. 2d 1253 (Fla. 2004)). No objective information contained in the motion to recuse was legally sufficient to support the standard for disqualification.[1]

That Judge Sasser and Judge Cox may have communicated about related cases is of no moment. There is nothing improper about two judges conferring about related cases. *See McCorkle v. United States*, 6:06-CV-950-ORL19JGG, 2007 WL 177683 (M.D. Fla. 2007) (where court stated that any communications it had with magistrate judge "incident to this matter were conducted in a judicial capacity and provide no basis for recusal").

---

[1]We agree with Judge Sharp's observation in *Dura-Stress, Inc. v. Law,* 634 So. 2d 769, 770 (Fla. 5th DCA 1994), where she pointed out that no Florida case has allowed disqualification based solely on hearsay:

> Although the party moving for disqualification of a judge need not have personal knowledge of the facts asserted in an affidavit filed to establish a basis to disqualify a judge, the affiant clearly must have some first-hand knowledge upon which to swear to the truth of the facts alleged. Otherwise, the affidavit is not truly an affidavit.

*Id.* (footnote omitted).

Finally, petitioner cannot bootstrap his attempt to depose the judge into a conflict that would force her recusal. The general rule is that "litigants may not probe into a judge's mental process" by setting her for deposition. *United States v. Roebuck*, 271 F. Supp. 2d 712, 720-21 (D.V.I. 2003); *see Stein v. Prof'l Ctr., S.A.*, 666 So. 2d 264, 266 (Fla. 3d DCA 1996) (holding that judge could not be deposed to "testify as to the meaning of an order previously entered").

We have found no case where a judge has been "required to submit to discovery or compelled to testify in connection with a motion for his disqualification." *Roebuck*, 271 F. Supp. 2d at 720; *see also Cheeves v. Southern Clays, Inc.*, 797 F. Supp. 1570, 1580 (M.D. Ga. 1992); *In re McCarthy*, 368 F.3d 1266 (10th Cir. 2004) (involving attempt to take discovery from trial judge who denied motion for recusal). We agree with the policy reasons articulated in *Cheeves* against allowing compulsory discovery from a presiding judge in support of a motion to recuse the judge:

> Embroiling the presiding judge in the adversarial processes of any case is not only unseemly, it is calculated to give rise at the least to a resulting appearance of bias against the aggressor litigant although, as previously noted, that species of boot strap bias cannot be recognized, as a matter of law, as a disqualifying circumstance. To do so would simply invite manipulated harassment by any lawyer unscrupulous enough to willingly embark on a course of conduct designed to disqualify an otherwise impartial judge whose views are thought to be adverse to the interests of the client. Such a tactic would, at worst, cause an unjustified voluntary disqualification of the presiding judge or, at least, cause endless delay in the litigation while those maneuvers are in process.

*Cheeves,* 797 F. Supp. at 1582-83.

*The petition for writ of prohibition is denied.*

LEVINE and KLINGENSMITH, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***