IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SCOTT HENRY WHEELER,

        Appellant,

 v.                                                              Case No.  5D16-867
                                                                 CORRECTED
STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed March 24, 2017

3.850 Appeal from the Circuit
Court for Volusia County,
Linda McCallum, Judge.

Thomas D. Sommerville, of Law Offices of
Thomas D. Sommerville, P.A., and Stuart I.
Hyman, Orlando, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

EVANDER, J.

        Scott Wheeler appeals the denial of his motion for postconviction relief filed

pursuant to Florida Rule of Criminal Procedure 3.850.   We conclude that the

postconviction court erred in summarily denying Wheeler's claim that trial counsel was

ineffective in failing to file a legally sufficient motion to disqualify the trial judge.[1]  Although this claim was insufficiently alleged, Wheeler should have been afforded an opportunity to amend.  *See Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007).  We otherwise affirm the trial court's order.

Failure to timely file a motion to disqualify a judge, or to file a legally sufficient motion to disqualify a judge, may be the basis for a postconviction claim of ineffective assistance of counsel.  *See Thompson v. State*, 990 So. 2d 482, 489 (Fla. 2008) (failure to file timely motion); *Kleppinger v. State*, 884 So. 2d 146, 149 (Fla. 2d DCA 2004) (failure to file legally sufficient motion).  However, the *Strickland*[2] standards for deficiency and prejudice still apply to the failure to file these motions.  *Thompson*, 990 So. 2d at 489.  That is, a defendant must demonstrate both that trial counsel's performance was deficient and that the deficient performance prejudiced the defendant.  *Strickland*, 466 U.S. at 687.

Here, Wheeler adequately alleged that his trial counsel was ineffective in failing to file a legally sufficient motion to disqualify.  The motion and amended motion to disqualify the trial judge filed by Wheeler's counsel shortly before trial were properly determined to be legally insufficient.  *See Keitel v. Agostino*, 162 So. 3d 88, 90 (Fla. 4th DCA 2014) ("A legally sufficient motion for disqualification cannot be based upon rumors or gossip about what the trial judge allegedly said to unidentified people, at unidentified times, and under unidentified circumstances.").  In his postconviction motion, Wheeler adequately alleged that his trial counsel was in possession of information that, if included in a motion or

---

[1] The trial judge did <mark>not</mark> preside over the postconviction proceeding.

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

amended motion to disqualify, would have been sufficient to require the trial court to grant the motion.

However, Wheeler failed to adequately allege that he was prejudiced as a result of his trial counsel's alleged ineffectiveness. Wheeler simply alleged, in a conclusory manner, that as a result of his counsel's ineffectiveness, he was subject to trial proceedings conducted by a "biased" judge who bore animosity towards Wheeler and his counsel. Wheeler was required to set forth specific factual allegations as to how the lower court proceedings were affected by the trial judge's bias.

> A mere conclusory allegation that the outcome would have been different is insufficient to state a claim of prejudice under *Strickland*; the defendant must demonstrate how, if counsel had acted otherwise, a reasonable probability exists that the outcome would have been different—that is, a probability sufficient to undermine confidence in the outcome.

*Jones v. State*, 998 So. 2d 573, 584 (Fla. 2008).

In *Thompson*, the supreme court emphasized that a determination that counsel performed deficiently in failing to file a legally sufficient motion to disqualify the trial judge did not, in and of itself, entitle a defendant to postconviction relief. 990 So. 2d at 490. A defendant is further required to demonstrate that the result of his trial court proceeding "has been rendered unreliable" and that confidence in the outcome of the trial proceeding "has been undermined by counsel's deficiency." *Id.*[3] On remand, the trial court shall afford Wheeler the opportunity to amend his claim, if he is able to do so in good faith.

AFFIRMED, in part; REVERSED, in part; and REMANDED.

---

[3] In *Thompson*, the Florida Supreme Court ultimately concluded that there was nothing in the record that undermined its confidence in the jury's determination of guilt, but that counsel's failure to timely disqualify the trial judge rendered the result of the defendant's sentencing unreliable. 990 So. 2d at 491.

BERGER, J. and JACOBUS, B.W., Senior Judge, concur.